# EXHIBIT 2

NO. 2025-83189

| | | |
|---|---|---|
| THE ALLEN TOWER, LLC<br>    *Plaintiff*, | § § § | IN THE PLAINTIFF COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| HELLMUTH, OBATA &<br>KASSABAUM, L.P.<br>N/K/A HELLMUTH, OBATA AND<br>KASSABAUM, INC.<br>    *Defendant*. | § § § § § § | 55TH JUDICIAL PLAINTIFF |

**DEFENDANT HELLMUTH, OBATA & KASSABAUM, L.P.
N/K/A HELLMUTH, OBATA AND KASSABAUM, INC.'S
<u>ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION</u>**

Defendant Hellmuth Obata & Kassabaum L.P. n/k/a Hellmuth, Obata and Kassabaum, Inc. ("Hellmuth, Obata and Kassabaum, Inc." or "HOK") files its Original Answer to Plaintiff The Allen Tower, LLC's ("Plaintiff" or "Allen Tower") Original Petition, and would respectfully show the Court the following:

**I.
<u>GENERAL DENIAL</u>**

1. HOK generally denies, pursuant to Texas Rule of Civil Procedure 92, the allegations made against it in Plaintiff's Original Petition and demands strict proof that such allegations be proven as required by the Constitution and laws of the State of Texas. By virtue of this General Denial, HOK reserves the right to amend or supplement its Original Answer.

**II.
<u>AFFIRMATIVE DEFENSES</u>**

2. In addition to and without waiving the foregoing, HOK asserts the following affirmative defenses, pleading in the alternative:

18020545

3. Plaintiff is not entitled to recover in the capacity in which it sues, and HOK is not liable in the capacity in which it is sued, because HOK's contract for its services was not with Plaintiff and HOK's client when such services were performed was not Plaintiff.

4. Plaintiff's negligence-based claims as pled are barred by the economic loss rule.

5. Plaintiff's claims are barred to the extent they rely on the Architectural Practice Act or the Rules and Regulations of the Texas Board of Architectural Examiner because such Act and Rules provides no duties, standards or requirements with respect to a civil action.

6. Plaintiff is not entitled is not entitled to any recovery from HOK to the extent the Plaintiff is compensated by any other person or entity for any loss with respect to the Project at issue in this Lawsuit regardless of whether any such recovery is through a breach of contract claim or otherwise.

7. Plaintiff is not entitled to any recovery from HOK to the extent any alleged flaws in the Project for which damages are sought were caused by the by improper use, operation and maintenance by persons or entities other than HOK.

8. Plaintiff is not entitled to any recovery from HOK based on any alleged errors or incompleteness in HOK's designs or construction documents to the extent HOK's designs and construction documents were reviewed by the Plaintiff or persons or entities acting on Plaintiff's behalf without objection or were approved by them, and whose decisions are binding on the Plaintiff.

9. Plaintiff is not entitled to any recovery from HOK because the actions allegedly undertaken by HOK were acquiesced in and/or consented to by the Plaintiff.

10. Plaintiff is not entitled to any recovery from HOK because if the Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused

and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of the Plaintiff or third parties for which HOK is not responsible, and not by HOK in providing its professional services..

11. Plaintiff's is not entitled to any recovery from HOK because the damages complained of, if any, were caused by the acts and omissions of other parties, third parties, occurrences, and/or events for which HOK did not have control or supervision, and for which HOK could not have been in any way responsible.

12. Plaintiff is not entitled to any recovery from HOK to the extent the Plaintiff's claims are waived by the parties in their contract or by the acts or omissions of the Plaintiff.

13. Plaintiff is not entitled to any recovery from HOK to the extent the Plaintiff's claims and causes of action are barred by applicable statutes of limitations or repose because of the Plaintiff's failure to make its claims within the applicable limitations time periods after the Plaintiff knew or should have known of any actionable acts or omissions or breach of any legal duty by HOK in the performance of HOK's services.

14. Plaintiff is not entitled to any recovery from HOK because the Plaintiff's causes of action against HOK are barred by the anti-fracturing rule or are otherwise not valid or actionable with respect to HOK's professional services.

15. The causes of action brought by the Plaintiff against HOK are barred because the basis and gravamen of all claims and allegations against HOK are based on HOK's alleged failure to perform its professional services with the skill and care ordinarily provided by competent professionals practicing under similar circumstances.

16. Plaintiff's claim for breach of warranty is barred because HOK made no warranties and there are no implied warranties against design professionals.

17. Plaintiff's claimed damages against HOK are barred to the extent waived in the parties' contract(s).

18. Plaintiff's claimed damages are limited to the amount to which Plaintiff and HOK agreed in their contract(s), and Plaintiff expressly waived any damages in excess of this amount.

19. Plaintiff is not entitled to any recovery from HOK because the Plaintiff is not entitled to recover damages to the extent the Plaintiff failed to mitigate, sufficiently or at all, the alleged damages

20. Plaintiff is not entitled to any recovery from HOK to the extent the damages claimed are not reasonable or necessary or constitute a betterment or improvements, construction, materials or components the Plaintiff has not paid for.

21. Plaintiff is not entitled to any recovery from HOK to the extent that any claim or cause of action the Plaintiff alleges is not premised on a finding that HOK breached its professional standard of care.

22. Plaintiff is not entitled to any recovery from HOK based on a breach of HOK's standard of care other than that which required HOK's services be performed with the professional skill and care ordinarily provided by competent engineers practicing under the same or similar circumstances and professional license or as provided by statute.

23. HOK asserts that if Plaintiff settles with any Defendant/Settling Person or Settling Party and is awarded any amount of damages in this cause, the award must be reduced by the dollar amount of such settlement in accordance with Section 33.012 of the Texas Civil Practice and Remedies Code.

24. HOK invokes the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code with respect to a determination of comparative responsibility or contribution between Plaintiffs and any defendants, settling person, and any responsible third parties.

25. Any award of damages to Plaintiffs and against HOK in this case is subject to Chapter 33 of the Texas Civil Practice & Remedies Code, which provides that "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." Tex. Civ. Prac. & Rem. Code § 33.001. HOK requests that the negligence of each claimant, defendant, settling person and designated responsible third party be submitted to the jury for apportionment of responsibility for causing, or contributing to cause of, the harm for which recovery is sought in this case. Tex. Civ. Prac. & Rem. Code § 33.003.

26. Any award of punitive damages is subject to the limitations set forth in Chapter 41 of the Texas Civil Practices and Remedies Code and the substantive and procedural safeguards afforded HOK under the United States Constitution and Texas Constitution..

27. Plaintiff is not entitled to recover punitive damages because the pleadings and facts alleged fail to state, much less support, any conduct approaching the level required for exemplary relief. HOK did not act or fail to act in a manner sufficient to give rise to punitive or exemplary damages.

28. Plaintiff is not entitled to any recovery from HOK to the extent the Plaintiff's claimed damages for causes of action based in contract are compensated by any source including recovery from, or settlement with, any other party and would result in duplicative or multiple recovery for the same claimed damages.

29. Plaintiff is not entitled to any recovery from HOK to the extent that the Plaintiff's claims are barred because they are based on superseding intervening cause of the alleged damages.

30. Plaintiff is not entitled to any recovery from HOK to the extent that the Plaintiff's claimed damages were caused by Plaintiff or other persons or entities acting on behalf on Plaintiff.

31. Plaintiff's claims should be dismissed because they are not supported by a certificate of merit that complies with Chapter 150 of the Texas Civil Practice and Remedies Code and other applicable law.

32. The Court should refuse to render or enter the declaratory judgment sought by the Plaintiff against HOK because the judgment or decrees would not terminate the uncertainty or controversy giving rise to this proceeding; the declarations sought are not supported or supportable at law; and HOK should be awarded costs and reasonable attorneys' fees as are equitable and just. *See* TEX. CIV. PRAC. & REM. CODE § 37.008-009.

18020545

# III.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, HOK respectfully prays that this Court enters a judgement that Plaintiff takes nothing against HOK, dismisses Plaintiff's suit with prejudice, and such other relief, of any nature, to which HOK may be entitled.

Dated: November 26, 2025

Respectfully submitted,

**PORTER HEDGES LLP**

By: /s/ *John R. Hawkins*
    John R. Hawkins
    State Bar No. 09249150
    Gabriel G. Rincon
    State Bar No. 24121083
    Christopher G. Wawro
    State Bar No. 24121194
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    jhawkins@porterhedges.com
    grincon@porterhedges.com
    cwawro@porterhedges.com
    (713) 226-6621 (phone)
    (713) 226-6221 (fax)

    ATTORNEYS FOR DEFENDANT
    HELLMUTH, OBATA & KASSABAUM, L.P.
    N/K/A HELLMUTH, OBATA AND
    KASSABAUM, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel by electronic transmission through the court's electronic filing service, on this 26th day of November 2025, addressed as follows:

Eric Lipper
elipper@hirschwest.com
Loren M. King, IV
lking@hirschwest.com
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002

ATTORNEYS FOR
PLAINTIFF THE ALLEN TOWER, LLC

/s/ *John R. Hawkins*
John R. Hawkins

**Tucker, Ruth E.**

| | |
|---|---|
| **From:** | support=filetime.com@mail.filetime.com on behalf of support@filetime.com |
| **Sent:** | Wednesday, November 26, 2025 12:11 PM |
| **To:** | Tucker, Ruth E. |
| **Cc:** | amanda@filetime.com |
| **Subject:** | Submitted new filing(s) for case#202583189 with submission id#108500788 |



=Fast and Reliable

## Proof of Submission

**Submission ID:**
108500788

**Submission Date & Time:**
11/26/25 12:10 PM CST

**Plaintiff / Petitioner / Old Name:**
THE ALLEN LLC

**Defendant / Respondent:**
HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND

**Plaintiff / Petitioner / Old Name:**
THE ALLEN TOWER LLC

**Defendant / Respondent:**
HELLMUTH OBATA AND KASSBAUM INC

**Registered Agent:**
HELLMUTH OBATA AND KASSABAUM L P (N/K/A HELLMUTH OBATA AND

**Cause No:**
202583189

**Client ID:**
010661-0011-JRH

**Document:**
HOK Answer to Pltf's Original Petition.pdf

## Case Information

**Case Title:**
THE ALLEN LLC v HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND

**Jurisdiction:**
Harris County - 55th Civil District Court

**Case Category:**
Civil - Other Civil

**Case Type:**
Other Civil

**Payment Account:**
FileTime LLC eFiling

**Client ID:**
010661-0011-JRH

**Cause No:**
202583189

**Attorney:**
John R Hawkins

**Filer:**
Ruth E Tucker

## Fees Breakdown

**Court Fees**

**Answer/ Response / Waiver**

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |

**Submission Fees**

| | |
|---|---|
| eFiling Manager Convenience Fee | $1.00 |
| FileTime Service Fee | $4.99 |
| Sales Tax on FileTime Fee | $0.41 |

## Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff / Petitioner / Old Name | THE ALLEN LLC | No |
| Defendant / Respondent | HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND | Yes |
| Plaintiff / Petitioner / Old Name | THE ALLEN TOWER LLC | No |
| Defendant / Respondent | HELLMUTH OBATA AND KASSBAUM INC | No |
| Registered Agent | HELLMUTH OBATA AND KASSABAUM L P (N/K/A HELLMUTH OBATA AND | No |

## Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| Answer/ Response / Waiver | **Document** | **Type** | **Security** |
| | HOK Answer to Pltf's Original Petition.pdf | Lead Document | Answer to Original Petition |

Filing Description: DEFENDANT HELLMUTH, OBATA & KASSABAUM, L.P. N/K/A HELLMUTH, OBATA AND KASSABAUM, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

## Service Contacts

| Name |
|---|
| Jacqueline Chin |
| Ruth Tucker |

## Service Recipients

| Name | Firm Name |
|---|---|
| Eric Lipper | Hirsch & Westheimer, P.C. |
| Loren King | Hirsch & Westheimer, P.C. |
| Anne Weiler | Hirsch & Westheimer, P.C. |
| Dana Ducote | Hirsch & Westheimer, P.C. |
| John Hawkins | Tyler Public List |
| Christopher Wawro | Tyler Public List |
| Gabriel Rincon | Tyler Public List |

| | |
|---|---|
| Total Submission Fees | $6.40 |
| Total Fees for this Filing | $6.40 |

**Credit Card Information for This Filing**

**Your credit card statement will show:**

**Pleading**

| | |
|---|---|
| Jurisdiction | $0.00 |
| eFiling Manager | $6.40 |

| From: | no-reply@efilingmail.tylertech.cloud |
| Sent: | Wednesday, November 26, 2025 12:11 PM |
| To: | Wawro, Christopher G. |
| Subject: | Notification of Service for Case: 202583189, THE ALLEN LLC v HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND for filing Answer/ Response / Waiver, Envelope Number: 108500788 |



# Notification of Service

Case Number: 202583189
Case Style: THE ALLEN LLC v HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND
Envelope Number: 108500788

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document. If the link does not work, please copy the link and paste into your browser. You can also obtain this document by following the steps on this article.

| Filing Details ||
|---|---|
| Case Number | 202583189 |
| Case Style | THE ALLEN LLC v HELLMUTH OBATA and KASSABAUM L P (N/K/A HELLMUTH OBATA AND |
| Date/Time Submitted | 11/26/2025 12:10 PM CST |
| Filing Type | Answer/ Response / Waiver |
| Filing Description | DEFENDANT HELLMUTH, OBATA & KASSABAUM, L.P. N/K/A HELLMUTH, OBATA AND KASSABAUM, INC.S ORIGINAL ANSWER TO PLAINTIFFS ORIGINAL PETITION |
| Filed By | Ruth Tucker |
| Service Contacts | Other Service Contacts not associated with a party on the case:<br><br>Eric Lipper (elipper@hirschwest.com)<br><br>Loren King (lking@hirschwest.com)<br><br>Anne Weiler (aweiler@hirschwest.com)<br><br>Dana Ducote (dducote@hirschwest.com)<br><br>John Hawkins (jhawkins@porterhedges.com)<br><br>Christopher Wawro (cwawro@porterhedges.com) |

| | Gabriel Rincon (grincon@porterhedges.com) <br><br> Jacqueline Chin (jchin@porterhedges.com) <br><br> Ruth Tucker (rtucker@porterhedges.com) |

| **Document Details** ||
|---|---|
| **Served Document** | [Download Document](#) |
| This link is active for 45 days. To access this document, you will be required to enter your email address. Click [here](#) for more information.<br><br>If you would like to remove yourself as a Service Contact from this Filing, please click [here](#) for instructions on how to do so. ||